CATSKILL RURAL CEMETERY ASSOCIATION and Others, Plaintiffs, *v.* FREDERICK S. GREENE, as Superintendent of Public Works of the State of New York, and Others, Defendants.

Supreme Court, Greene County, May 21, 1935.

*Osborn, Bloodgood, Wilbur & Fray*, for the plaintiffs.

*John J. Bennett, Jr., Attorney-General [Henry A. Cohen* of counsel], for the defendants.

SCHENCK, J. Plaintiff cemetery association moves for an order enjoining and restraining during the pendency of this action the commencement and continuance of the construction of a State highway over the lands of said cemetery association. The Attorney-General, on behalf of the defendants, has served a cross-motion for an order dismissing the complaint.

This action is for an injunction against the construction of a public highway through the lands of the cemetery association devoted to cemetery purposes. The statute providing for the incorporation and organization of cemetery associations and prescribing their powers and privileges prohibits the construction of thoroughfares through cemeteries owned by such associations unless consented to by the trustees. The statute provides that

so long as the lands of such corporation are dedicated to the purposes of a cemetery " no street, road, avenue, or public thoroughfare shall be laid out through such cemetery, or any part of the lands held by such association for the purposes aforesaid, without the consent of the trustees of such association, and of two-thirds of the lot owners thereof, and then only by special permission of the legislature." (Memb. Corp. Law, § 95.)

It is admitted that the State Superintendent of Highways ordered the construction of a new highway to extend from the intersection of the proposed Rip Van Winkle Bridge approach with State highway No. 5366 westerly to an intersection with the Catskill-Cairo highway, and the maps which have been prepared and filed by the State Superintendent of Highways provide that this highway shall cross the lands of the cemetery association. Pursuant to section 148 of the Highway Law, the board of supervisors of Greene county proceeded to acquire the right of way and condemnation proceedings were instituted. Section 152 of the Highway Law provides that upon filing of the oath, the title to the lands described in the petition and map filed in the office of the clerk becomes vested in the county for the purposes of a highway forever. The cemetery association appeared by its counsel in the proceeding to condemn the right of way and also when application was made for the appointment of the appraisers in that proceeding. They were also present when the judgment of condemnation was granted, but at no time was any objection filed or answer interposed. The commission of appraisers has organized but no award has as yet been made.

It is the contention of the plaintiffs that notwithstanding the appearance of the association in the condemnation proceedings and the failure to object thereto, the proceedings should be invalidated and canceled and the defendants enjoined and restrained from the construction of the highway for the reason that the provisions of section 95 of the Membership Corporations Law have not been complied with.

While no authority directly in point has been called to my attention, it would seem that the cemetery association has had its day in court and by its failure to object has waived any right which it may have had to an injunction against the State. It still has, of course, its right to litigate the question as to the amount of recovery it may be entitled to by reason of the taking of said land for this public purpose. Furthermore, it would seem that cemetery lands may be taken by virtue of the right of eminent domain. The prohibition against the construction of a highway through a cemetery is found in section 95 of the Membership Corporations Law. The right of eminent domain springs from the sovereignty itself

and is a right necessarily incident to all government. When the requirement of the Constitution for the payment for private property taken for public use has been complied with, such taking is valid and legal.

In *Matter of Board of Street Opening, etc.* (133 N. Y. 329), it was held that though lands had previously been devoted to cemetery purposes, such lands were not beyond the reach of the power of eminent domain. Chief Judge EARL, writing for the court, said (at p. 333): " The fact that the lands have previously been devoted to cemetery purposes does not place them beyond the reach of the power of eminent domain. That is an absolute transcendent power belonging to the sovereign which can be exercised for the public welfare whenever the sovereign authority shall determine that a necessity for its exercise exists. By its existence the homes and dwellings of the living, and the resting places of the dead may be alike condemned."

Again (at p. 334) the court said: " We have examined the authorities, to which our attention has been called by the learned counsel for Trinity Church, and none of them in the least degree sustain the contention that lands devoted to private cemeteries owned by private individuals or a private corporation, cannot be condemned under the general language authorizing their condemnation for public use. On the contrary, the following authorities give strong sanction to the claim that such lands can be taken under general legislative authority for a public use unless specially protected by statute. (*Wood* v. *Macon & Brunswick R. R. Co.*, 68 Ga. 539; *In re Opening of Twenty-second St.*, 102 Penn. 108; *Egypt St.*, 2 Grant's Cases, 455; 4 Brad. Sur. 503; *Schoonmaker* v. *Reformed Dutch Church*, 5 How. Pr. 269; *In the Matter of Albany St.*, 11 Wend. 148; *Windt* v. *German Reformed Church*, 4 Sand. Ch. 471.)"

Plaintiff's motion for a temporary injunction must be denied and the cross-motion of the defendants for an order dismissing the complaint is granted.

Order may be entered accordingly. No costs.