Dorothea E. Donaldson, J.
This is a claim for damages for continuing trespass to lands. The original entry is alleged to have been made in 1931 for the purpose of establishing and maintaining a highway which has been in existence even since. It may be observed at the outset that the action sounds only in tort, the claimant’s attorney and president having himself conceded at trial that an action for appropriation would be barred unless the State waived the defense of the Statute of Limitations. This the State has not done. Except as hereinafter set forth the claim has neither been assigned nor submitted to any other tribunal for audit or determination.
The Nyack Rural Cemetery was first organized in 1887 under the Laws of 1847 and acts amendatory thereof. The cemetery corporation after the turn of the century continued in operation until some time when formal organization terminated although interments continued to be made and individual lot owners continued to provide care for their own holdings. The court now rules that the cemetery was reorganized in 1958 in conformity with section 13 of the Membership Corporations Law. Claimant’s trial counsel was elected secretary and, in 1963, president thereof. As originally constituted and continuing up until 1931, the cemetery consisted of some 20.897 acres. Approximately 20,000 square feet out of this total was sold as grave sites to various vendees and interments have been and are being made. However, no further sales have occurred since the reorganization nor were any consummated for an indeterminate number of years prior thereto.
On July 28, 1931, the Board of Supervisors of the County of Rockland, by a resolution duly passed at the meeting held on May 5,1931, petitioned the County Court for a condemnation of certain lands, including some 2.169± acres of the then cemetery’s property, set forth in Map No. 17, for the improvement of the Knapps Corners-Nyack State Highway No. 5178. The petition averred, inter alia, that attempted purchase of the affected parcels had proved to be impossible and that-“ all preliminary steps required by law have been taken, to enable your petitioner to institute this proceeding.”
*1027 At this point of time in the chain of events, three statutory provisions then in force were of particular import. They were sections 148 and 150 of the Highway Law and section 95 of the Membership Corporations Law. The former two, “ dealing with the acquisition of lands for right of way and other purposes, provided that in certain situations the county Board of Supervisors shall provide the requisite right of way, and then proceed to advertise. Section 150 provided that if the Board of Supervisors could not acquire lands by purchase, it might petition the County Court or Supreme Court for the appointment of three Appraisal Commissioners to determine compensation to be paid to owners,' and set forth certain procedural requirements.” (Nyack Rural Cemetery v. State of New York, 32 Misc 2d 828, 829.) Section 95 of the Membership Corporations Law provided that: “ (s)o long as the lands of a rural cemetery corporation organized under the act entitled * An act authorizing the incorporation of rural cemetery associations,’ constituting chapter one hundred and thirty-three of the laws of eighteen hundred and forty-seven, and the acts amendatory thereof, shall remain dedicated to the purposes of a cemetery, no street, road, avenue or public thoroughfare shall be laid out through such cemetery, or any part of the lands held by such association for the purposes aforesaid, without the consent of the trustees of such association, and of two-thirds of the lot owners thereof, and then only by special permission of the legislature.”
A notice that such a petition would be presented by the Board of Supervisors of the County of Bock!and to the County Court on August 3, 1931 was served by posting a copy thereof in three public places in West Nyack and Nanuet, New York, by mailing a copy to the Nyack Bural Cemetery Association, c/o Erskine B. Van Houten, Jr., South Nyack, N. Y., and by publication in Rockland Life, a weekly newspaper published in the Village of Sparkill in Rockland County, once in each week for two weeks successively, commencing on the 15th day of July and ending on the 23rd day of July, 1931, and by publication in the Rockland County Times, a newspaper published in the Village of Haverstraw, once each week for two weeks successively, commencing on the 18th day of July, 1931 and ending on the 25th day of July, 1931.
On August 3, 1931, the Honorable Jonathan- W. Sherwood, County Judge, sitting in Special Term, granted an order on the petition of the Board of Supervisors adjudging that public use required the condemnation of the parcels set forth in the petition and further ordered that Frank Comesky of Nyack, Frank Howard of New City and J. Melville Demarest of Nanuet, *1028 be appointed Commissioners “ to ascertain the compensation to be made to the owners of land to be taken for snch public use.” The same day the Commissioners verified their respective oaths which were duly filed in the Rockland County Clerk’s office on August 5, 1931.
In accordance with the provisions of sections 148 to 152 of the Highway Law in effect in 1931, the Rockland County Board of Supervisors certified to the Department of Public Works that “ Condemnation Commissioners appointed to acquire the same [land as shown on Map No. 17] have taken their oaths of office pursuant to Sections 148, 149, 150, 151 and 152 of the Highway Law, so that construction may be started on these parcels without further liability to the State of New York or the Contractor.” Following receipt of the certification on August 6, 1931, the State entered upon the premises described and constructed a highway thereon.
The Commissioners held their, first and only meeting on April 29, 1932. A chairman, Mr. Comesky, and a stenographer were appointed. However, no further meetings nor hearings were held, no report either oral or written was made to the County Judge and no award was made nor moneys paid to the cemetery.
Following the reorganization, the reconstituted corporation filed a notice of appearance in the condemnation proceedings dated December 15, 1959. Thereafter, in the Rockland County Court, the claimant moved for an order (a) appointing three Commissioners of Appraisal to ascertain and determine the compensation to be paid Nyack Rural Cemetery, Inc., and (b) directing the County of Rockland to petition the Legislature for the permission to condemn as required by section 95 of the Membership Corporations Law. During oral argument the request to petition the Legislature was adjourned without date and three Commissioners of Appraisal were appointed by consent. An order to this effect was entered, and the Commissioners filed their oaths of office and commenced hearings.
Meanwhile, the cemetery had filed a claim for trespass and confiscation against the State of New York. A motion in this court to dismiss on the grounds that the claim failed to state facts sufficient to constitute a cause of action and, further, that the claim was barred by the Statute of Limitations, was denied on March 12, 1962 (32 Misc 2d 828).
By notice of motion dated July 7, 1961, made returnable before the Rockland County Court, the claimant moved for an order staying the proceedings of the Commissioners of Appraisal
*1029 and directing the County of Rockland to secure the special legislative permission alleged to be required by section 95 of the Membership Corporations Law. In a decision, dated January 22, 1963, the motion was denied by Special County Judge John F. Skahen, who held: “ In view of the claimant’s laches, its failure to appear, the apparent effort of the County to ascertain the whereabouts of lot owners, claimant’s unreasonable delay in waiting some 28 years after the start of the proceeding to object to its validity, and in view of the fact that the highway has been established and has been and is being heavily used by the public, and of the expense already created by the construction, etc. of such highway, and in view of the fact that the interests of the public are involved, it is the opinion of this Court that any condition precedent or special permission required by Section 95 of the Membership Corporations Law has been waived by the claimant and should not be required of the County of Rockland at this time, that the takings are valid and that appointment of successor commissioners of appraisal was proper and that they should proceed with their hearings to determine the value of the property of claimant as of August 3,1931.”
This court shares the view of Judge Skahen and holds that the protective provisions of section 95 of the Membership Corporations Law may be waived not only by an appearance and subsequent neglect to raise a failure of conditions precedent (Catskill Rural Cemetery Assn. v. Greene, 155 Misc. 492) but equally by a failure to appear at all until some 28 years have passed.
It may be observed that Judge Del G-iok.no’s decision, referenced above (32 Mise 2d 828), which shall be deemed the law of the case, did not determine finally whether or not the terms of section 95 constitute conditions precedent for the valid condemnation of land, nor the circumstances under which such terms might be waived.
Accordingly the court holds that the State is lawfully in possession of the lands hereinbefore described, that any defect in the 1931 proceedings has been waived by the claimant’s laches, and that the constitutional guarantee against seizure of property without due process must be enforced in the County Court proceedings.
The defendant’s motions to dismiss, decision upon which was reserved at trial, are granted.
Either party may submit findings of fact and conclusions of law and they will be marked and signed by the court if received *1030 within 10 days from the date of receipt hereof; otherwise, they shall be deemed waived.
This memorandum constitutes the written decision of . the court in conformance with CPLR 4213, subd. (b). Let judgment be entered accordingly.